Bruce T. Moats
Law Office of Bruce T. Moats, P.C.
2515 Pioneer Avenue
Cheyenne, WY 82001
(307) 778-8844
Fax: (307) 638-1227

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **FREDERICK P. SCHERR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. 06-CV-0191-J |
| | ) |
| **UNIVERSITY OF WYOMING, an** | ) |
| **agency of the State of Wyoming, by and** | ) |
| **through its Board of Trustees, and** | ) |
| **JAMES F. BROOMFIELD, in his** | ) |
| **individual capacity,** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
### TO PRECLUDE CHARACTER EVIDENCE

Plaintiff Fred Scherr, by and through his attorney, opposes the Defendant's Motion in Limine to preclude evidence of Dr. James Broomfield's vindictiveness and retaliatory attitude.

Defendant asserts that such evidence is impermissible character evidence precluded by F.R.E. 404. However, the Tenth Circuit has allowed evidence of discrimination or retaliation against other employees in Title VII cases.

"Testimony of other employees may be relevant in assessing an employer's retaliatory intent if the testimony establishes a pattern of retaliatory behavior or tends to discredit the employer's assertion of legitimate motives." *Curtis v. Oklahoma City Public Schools Board of Education*, 147

F.3d 1200, 1217 (10th Cir. 1998); *See, also., Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir.1990)("As a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent.") Therefore, the Tenth Circuit has allowed such "character" evidence as probative of the employer's motive. The other appeals courts are in accord: *See, e.g., United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 713 n. 2, 103 S.Ct. 1478, 1481 n. 2, 75 L.Ed.2d 403 (1983) (stating that evidence of an employer's comments were admissible to prove race discrimination); *Robinson v. Runyon*, 149 F.3d 507, 512-13 (6th Cir.1998) (noting that evidence of a racially hostile atmosphere was admissible in Title VII suit to illustrate decisionmaker's attitude); *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir.1995) (same, in sexual harassment suit under Title VII); *Brown v. Trustees of Boston Univ.*, 891 F.2d 337, 349-50 (1st Cir.1989) (permitting evidence of remarks made by president of the University concerning another woman on theory that the remarks could be construed as demonstrating sexist attitude); *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1102-04 (8th Cir.1988) (noting that "circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices"); *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417, 1423-24 (7th Cir.1986) (upholding district court's admission of evidence of harassment of other workers to show that employer condoned racial harassment); *see also Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1214 (3d Cir.1995) (age-related comments and evidence of how supervisor treated older employees was probative of whether supervisor harbored discriminatory attitude against older workers); *Glass v. Philadelphia Electric Co.*, 34 F.3d 188, 194-95 (3rd Cir. 1994)(evidence of prior racial harassment was relevant to whether plaintiff was terminated because of age and/or race discrimination).

In this case, Dr. Broomfield, Plaintiff's direct supervisor, took actions against Dr. Scherr and

fed negative information to Dean Robert O. Kelley, who subsequently demoted Plaintiff. Plaintiff asserts that Dr. Broomfield retaliated against him because of his reports that Dr. Broomfield was guilty of sexual harassment. The evidence of other employees that Dr. Broomfield was vindictive and retaliatory is probative of establishing retaliatory behavior and of discrediting the assertion of legitimate motives. Thus, the testimony of the other employees regarding Dr. Broomfield's vindictive acts toward subordinates with whom he may be unhappy is relevant and admissible as evidence as to whether the Defendant was motivated by retaliatory animus.

Further, the evidence that Dr. Broomfield was prone to taking revenge against those who crossed him also goes to support the state of mind of Plaintiff when he decided that he had no choice to resign or face possible further retribution from Dr. Broomfield. Plaintiff will testify that he saw Dr. Broomfield retaliate against others, and feared that he would suffer further retribution himself if he did not resign.

The Plaintiff must be able to present to the jury the evidence that Dr. Broomfield retaliated against others as circumstantial evidence of his motive to do the same against Dr. Scherr. The jury must be able to weigh this testimony in deciding its verdict in this case. As the Tenth Circuit has said: The ultimate question to be decided by the fact finder in a Title VII case is "'which party's explanation of the employer's motivation it believes.'" *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 386 (10th Cir.1984) (quoting *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)).

DATED this 10th day of May, 2007.

                                        Frederick P. Scherr, Plaintiff

                                        By: _____
                                        Bruce T. Moats, Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2007, a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE CHARACTER EVIDENCE** was delivered to the Court via the CM/ECF system, and thereby also delivered to counsel for Defendants:

        Corinne E. Rutledge
        crutledge@lathropandrutledge.com
        James Kaste
        jkaste@lathropandrutledge.com
        Lathrop & Rutledge, P.C.
        P.O. Box 4068
        Cheyenne, WY 82003-4068

_____