Bruce T. Moats
Law Office of Bruce T. Moats, P.C.
2515 Pioneer Avenue
Cheyenne, WY 82001
(307) 778-8844
Fax: (307) 638-1227

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **FREDERICK P. SCHERR,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNIVERSITY OF WYOMING, an agency of the State of Wyoming, by and through its Board of Trustees, and JAMES F. BROOMFIELD, in his individual capacity,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-CV-0191-J<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND TESTIMONY OF LAWRENCE HUBBELL'S FACILITATION NOTES

Plaintiff Fred Scherr, by and through his attorney, opposes the Defendant's Motion in Limine to preclude evidence and testimony regarding Lawrence Hubbell's notes of his facilitation efforts.

Defendant asserts that such evidence is impermissible hearsay evidence. However, the notes taken by Prof. Hubbell during his interviews of employees of the University of Wyoming Family Practice Residency Program is not hearsay pursuant to F.R.E. 901(d)(2)(D), which permits the admission of statements of a party's agent or servant. *See Jessen v. Babbitt*, 202 F.3d 282 (Table),1999 WL 1246915 *4 (10th Cir.,1999)(unpublished opinion)(statement by personnel manager that co-worker treated plaintiff in a more hostile fashion because she was a woman was not

hearsay as statement of party opponent).

The statement must be made within the scope of the employment or agency and during the existence of the employment relationship to meet the requirements of F.R.E. 801(d0(2)(D). Clearly, Dr. Hubbell is an employee of the Defendant who was hired specifically in this case to conduct a facilitation at the residency program, and paid for that work. He compiled the notes in his capacity as the facilitator hired by Defendant. He had previously performed a similar facilitation for Associate Dean Sylvia Moore for employees in her office.

Defendant points out that Dr. Hubbell's notes also contain the statements of other employees of the Defendant. These statements are not hearsay as well pursuant to F.R.E. 901(d)(2)(D). The statements were made to Hubbell while the individuals interviewed were employees. They were also made within the scope of their duties. The residency program set up appointments with the employees to be interviewed by Hubbell and the appointments were made during business hours. The employees were expected to cooperate in the interviews. The University cannot seriously contend that the employees were not expected to be forthcoming with the information sought by Hubbell. Whether they were truthful or not is for the jury to decide. However, Defendant cannot claim that there is inherent untrustworthiness in the interviews, especially given that the interviewees were promised confidentiality.

Defendant contends that the notes do not constitute evidence of a regularly conducted activity that would be admissible pursuant to F.R.E. 803(6). This contention is without merit. The notes fit all four of the elements necessary for a document to be considered a business record in the context of the rule.

First, the notes were prepared in the normal course of the University's business. The

operation of the residency program is part of the normal course of business for the University. Hubbell's facilitation was done as part of the operation of that business. The notes were necessary for him to conduct his facilitation.

Second, the notes were made at the time Hubbell conducted the interviews.

Third, the notes were based on the personal knowledge of the people interviewed by Hubbell. And those individuals had a duty to provide the information Hubbell sought.

Fourth, there is nothing to indicate that Hubbell used sources, methods or circumstances indicating a lack of trustworthiness in simply taking notes of what the interviewees told him. There may be questions with his methods after gathering the notes.

The double hearsay issue in the context of the business record exception discussed by Defendant does not preclude admission of the notes. If the person outside the business preparing the record provides the information in the record, then the information provided by that person must fall within a hearsay exemption. *U.S. v. Gwathney,* 465 F.3d 1133, 1140-41 (10th 2006). This is not the case here. All of the information was provided by employees of the Defendant. Further, their statements do fall within an hearsay exception as discuss above.

Defendant may certainly attack the hearsay statements, but then it is up to the jury to decide their weight.

Further, the information goes to the state of mind and knowledge of the Defendant in regard to its defense that its agents relied at least partially upon Hubbell's efforts in deciding the actions it took in regard to Plaintiff. At the least, it could be admitted with the instruction to the jury that it was not admitted for the truth of the matters asserted, but to the state of mind of the Defendant's agents pursuant to F.R.E. 803(3). *See Rupp v. Purolator Courier Corp.,* 45 F.3d 440 (Table), 1993

WL 338696 *3 (10th Cir. 1994)(unpublished opinion)(A "statement is not hearsay if it is an admission by a party-opponent or an agent or servant of the party-opponent." Statements were admissible to prove either their effect on the listener," or to prove knowledge or intent on the part of defendants." For such purposes the testimony was admissible); *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1434 (10th Cir.1993) ("Statements offered for the effect on the listener, however, are generally not hearsay."); Fed.R.Evid. 803(3) (providing exception to hearsay rule for statements of "the declarant's then existing state of mind ... such as intent, plan, motive, design....").

The notes of Hubbell are not hearsay pursuant to Federal Rules of Evidence 801, 803(3) and 803(6), and must be admitted into evidence.

DATED this 10th day of May, 2007.

Frederick P. Scherr, Plaintiff

By: _/s/ Bruce T. Moats_
Bruce T. Moats, Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2007, a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND TESTIMONY OF LAWRENCE HUBBELL'S FACILITATION NOTES** was delivered to the Court via the CM/ECF system, and thereby also delivered to counsel for Defendants:

Corinne E. Rutledge
crutledge@lathropandrutledge.com
James Kaste
jkaste@lathropandrutledge.com
Lathrop & Rutledge, P.C.
P.O. Box 4068
Cheyenne, WY 82003-4068

_/s/ Francine A. Baker_