

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

APR 0 2 2008

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FREDERICK P. SCHERR,

    Plaintiff,

        vs.

UNIVERSITY OF WYOMING, an
agency of the State of Wyoming, by and
through its Board of Trustees,

    Defendant.

Case No. 06 - CV - 191 J

**Jury Instructions**

## INSTRUCTION NO. 1

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

INSTRUCTION NO. 2

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

## INSTRUCTION NO. 3

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. You may consider both kinds of evidence.

INSTRUCTION NO. 4

This is a civil case. The plaintiff has the burden of proving the plaintiff's case by what is called the preponderance of the evidence. That means the plaintiff must produce evidence which, considered in the light of all the facts, leads you to believe that what plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and defendant's evidence on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on his side. If the plaintiff fails to meet this burden, the verdict must be for defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case and you should therefore put it out of your mind.

## INSTRUCTION 5

The Jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony.  You should take into consideration their demeanor upon the witness stand, their apparent intelligence or lack of intelligence, their means of knowledge of the facts testified to, the interest, if any, which any witness may have in the outcome of their trial, the prejudice or motives, or feelings or revenge, if any, which have been shown by the evidence.  In so doing, you may take into consideration all of the facts and circumstances in the case and give such weight as you think the same are entitled to, in light of your experience and knowledge of human affairs.

INSTRUCTION NO. 6

Try not to be swayed by the appearance of the witness -- the clothing, hairstyle, or grooming.  Guard against the natural tendency to believe people whose appearance is similar to your own dress and grooming.  Also be on guard against being influenced by how attractive the witness may be.  Beware of an inclination to be more sympathetic to a witness who is appealing in his or her appearance.  These factors are often unrelated to a witness's truthfulness. Mannerisms can also be misleading.  Sometimes a truthful witness may seem to be nervous or tense -- such a witness may be intimidated by the courtroom and some witnesses are typically nervous, fidgety or tense in their manner. Evaluate not just what the witness says, but how the witness says it.  Pay attention to facial expressions, gesture, posture, and tone of voice.  Look for discrepancies between what the witness says and how the witness says it.  But remember that sometimes truthful witnesses may look worried because they are afraid of being disbelieved, and that some liars can behave convincingly.

Next, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.

Second, do not read or listen to anything touching on this case in any way. If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

INSTRUCTION NO. 8

The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, plaintiff will present her witnesses and defendant may cross-examine them.  Then defendant will present its witnesses and plaintiff may cross-examine them.

After that, the attorneys will make their closing arguments to summarize and interpret the evidence for you and the Court will give you instructions on the law.

You will then retire to deliberate on your verdict.

# INSTRUCTION NO. ___9___

The Court will permit jurors to take notes during the course of this trial, since there may be complicated issues in which the notes may be helpful. You of course are not obliged to take any notes, and some feel that the taking of notes is not helpful because it may distract you so that you do not hear and evaluate all of the evidence. If you do take notes please keep them in confidence between yourself and your fellow jurors.

INSTRUCTION NO. 10

The parties to this lawsuit have submitted claims and contentions which I will summarize for you. I caution you that these contentions are not evidence and should not be considered by you in your determination of the case unless they are supported by the evidence. However, I am referring you to those contentions so that you have a sense of the issues that are to be considered by you.

INSTRUCTION NO. 11

Plaintiff contends that he was driven out of the University of Wyoming Family Practice Residency Program because he first reported and then refused to ignore the inappropriate sexual remarks of Program Director Dr. James Broomfield.

The leadership of the College of Health Sciences wanted Dr. Scherr to just get along with Dr. Broomfield despite his inappropriate behavior. When Dr. Scherr refused, UW officials retaliated against him.

Plaintiff first warned the dean and associate dean of the College of Health Sciences on June 1, 2004, that Dr. Broomfield made inappropriate sexual remarks to subordinates at the program. Approximately two weeks later, Plaintiff received a report of a sexually inappropriate comment made by Dr. Broomfield to a female subordinate in the business office of the program's medical clinic. Plaintiff relayed that report to Associate Dean Sylvia Moore. University officials did not investigate the complaint as required by University regulations, although Moore did warn Broomfield against making further remarks of a sexual nature in the future.

Sexual harassment training was held at the residency program after Plaintiff's report of sexual harassment. Dr. Broomfield made a mockery of it. Plaintiff reported to college officials that Broomfield was still engaging in inappropriate behavior after the training. A University report later confirmed that Broomfield had continued to make inappropriate sexual remarks after

the training and after the warning by Associate Dean Moore.

Plaintiff insisted that he would not ignore the sexual harassment despite the efforts of UW College of Health Sciences officials to have him do otherwise. College officials wanted Plaintiff to reach an agreement with Dr. Broomfield. When he stated that he would have to surrender his integrity by ignoring Broomfield's behavior, the University blamed him for the conflict between the two men, and accused him of using the sexual harassment reports to further his own desire to become a program director.

As a result, he was treated with hostility, false accusations were made against him, his reputation was damaged, his duties were removed, and he ultimately was forced to leave the program.

Because of the adverse consequences he has suffered because of his reporting and continued objections to Dr. Broomfield's inappropriate behavior, Plaintiff has filed a retaliation claim against the University of Wyoming pursuant to Title VII of the Civil Rights Act of 1964.

# INSTRUCTION NO. 12

The Defendant denies that the University of Wyoming and Dr. Broomfield retaliated against Dr. Scherr for filing a report of sexual harassment. Dr. Broomfield never sexually harassed anyone at the University of Wyoming Family Practice Residency. Dr. Scherr knew that Dr. Broomfield's conduct did not rise to the level of sexual harassment, and he never reported the comment to the Employment Practices Officer.

The University contends that Dr. Scherr wanted to be the Program Director, he wanted Dr. Broomfield removed from his position, and accordingly, the two men were engaged in a disruptive power struggle. The University of Wyoming valued both men and tried very hard to resolve the conflict between them. The University even hired a facilitator to help them work out a compromise that would allow them to continue working together. Dr. Scherr refused to negotiate with Dr. Broomfield, while Dr. Broomfield embraced the mediation process. Ultimately, after many months, it became apparent to Dr. Kelley, the Dean of the College of Health Sciences, that the conflict was damaging the residency, and the only solution was to separate the two physicians by reassigning Dr. Scherr's administrative responsibilities. Dr. Scherr was not demoted from his position as Associate Clinical Professor, his salary remained the same, and he voluntarily resigned two weeks later.

## INSTRUCTION NO. 13

These are merely the contentions of the parties, given to you in order to make the jury aware of the nature of the positions that have been taken as reflected in the pleadings and the documents filed in this case. You are reminded that you must decide the issues in this case by referring to the testimony and evidence that has been received.

# INSTRUCTION NO. 14

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base your verdict upon anything but the evidence of the case.

You are to disregard any evidence offered at trial and rejected by the Court. You are not to consider the opening statements and the arguments of counsel as evidence. Their purpose is merely to assist you in analyzing and considering the evidence presented at trial.

The Court did not by any words uttered during the trial, and the Court

does not by these instructions, give or intimate, or wish to be understood by you as giving or intimating, any opinions as to what has or has not been proven in this case, nor as to what are or are not facts in the case.

# INSTRUCTION NO. 15

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claims by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

# INSTRUCTION NO. 16

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

INSTRUCTION NO. 17

Any finding of fact you make must be based on probabilities, not possibilities.  It may not be based on surmise, speculation or conjecture.

# INSTRUCTION NO. 18

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

# INSTRUCTION NO. _18a_

The Plaintiff's claim is brought under what is known as Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a). In its relevant part that statute provides that "it shall be an unlawful employment practice for an employer to discriminate against any . . . employee because he has opposed any [employment] practice" made unlawful by Title VII.

INSTRUCTION NO. __19__

To establish a Title VII claim of retaliation, Dr. Scherr must prove:

1.    That he engaged in a protected activity under Title VII.

2.    Plaintiff suffered a materially adverse action contemporaneously with or subsequent to that protected activity.

3.    There was a causal connection between such protected activity and the adverse action.

If you find that Plaintiff has proved each of these elements by a preponderance of the evidence, then you must find for Plaintiff and against Defendant on this claim.  If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements by a preponderance of the evidence, then you must find against him on this claim and in favor of Defendant.

INSTRUCTION NO. __20__

One of the essential elements of his retaliation claim under Title VII is that Dr. Scherr must prove that he engaged in protected activity.

Protected activity is an employee's conduct in opposing a discriminatory practice, making a charge of discrimination, or assisting or participating in any manner in an investigation. An employee's complaints to his employer about conduct the employee believes to violate Title VII may constitute protected activity only if two criteria are met: 1) the employee had a good faith belief that the conduct about which he was complaining violated Title VII; and 2) the employee's belief was reasonable.

## INSTRUCTION NO. 21

Not all opposition to sexual harassment is protected activity. Otherwise protected conduct may be so disruptive or inappropriate as to fall outside the statute's protection.  The manner in which an employee expresses his opposition to an allegedly discriminatory employment practice must be reasonable.  For example, if the opposition is made in the form of inflammatory, insubordinate comments and disregards the chain of command, you may find that the conduct is not reasonable.  Dr. Scherr must show that he expressed his opposition to the alleged sexual harassment in a reasonable manner.

INSTRUCTION NO. $\underline{22}$

Sexual harassment can be categorized into several different categories. Jokes and comments of a sexual nature, as alleged by Dr. Scherr, fall into the category of hostile or abusive work environment. As stated in the previous instruction, Dr. Scherr must have had a good faith belief that the conduct he was complaining about violated Title VII and that the belief was reasonable. A hostile or abusive work environment is one that is permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of the employment and create an abusive work environment. In determining whether a work environment is "hostile" or "abusive," you must look at all the circumstances including:

- The total physical environment of the work area
- The degree and type of obscenity that filled the environment before and after the plaintiff arrived;
- The frequency of the offensive conduct;
- The nature of the unwelcome sexual acts or words;
- The severity of the conduct;
- Whether the conduct was physically threatening or humiliating;
- Whether it was merely an offensive utterance; and

- Whether it unreasonably interfered with the employee's work performance.

The effect on the employees' mental and emotional well being is also relevant to determine whether Mrs. MacMillan and others actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing, does not constitute an abusive or hostile work environment. Only extreme conduct amounting to a material change in the terms and conditions of employment can violate Title VII.

In determining whether conduct was hostile, you should consider the following:

- Whether the conduct was verbal, physical, or both;
- Whether the conduct occurred one time or repeatedly;
- Whether the conduct was plainly offensive;
- Whether the alleged harasser was a co-worker or supervisor;
- Whether others joined in the harassment; and

- Whether the harassment was directed at one or more persons.

# INSTRUCTION NO. 23

As to the second element, that he suffered an adverse employment action, it is for you, the jury to decide whether that occurred. The purpose of the statute is to protect employees who make reports of discrimination or harassment from suffering significant adverse actions in their employment. Whether an adverse employment action has occurred is determined on the unique facts of each individual case. While it is up to the jury to determine if an adverse action occurred, there are some general guidelines that apply. The adverse action must be "material;" that is, it is not sufficient if the action is a mere inconvenience, or *de minimus* (insignificant or relatively minor).

In order to show that he suffered a materially adverse action, the Plaintiff must show that the Defendants' actions were harmful to the point that they could well discourage a reasonable employee from making or supporting a charge of discrimination.

Just as discharge from employment is an adverse action, something called a "constructive" discharge is also an adverse action. A constructive discharge occurs where an employer makes conditions so intolerable that an employee leaves employment. To establish that an employee was

constructively discharged, an employee is not required to prove the employer's specific intent to force him to leave, but only that the employer has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign. The test is whether a reasonable person, under all of the same circumstances as the employee, would feel compelled to leave employment. The employee's subjective feelings are not to be considered. The jury decides what a reasonable employee would or would not do.

INSTRUCTION NO. 24

As to the third element, Plaintiff may establish a causal connection between the protected activity and the adverse action by demonstrating that retaliation was a motivating factor in the employer's decision to take adverse action.

INSTRUCTION NO. 25

The Plaintiff is not required to provide that his participating in reports of illegal sexual harassment was the sole or exclusive motivating factor for the Defendant's decisions.  The Plaintiff must prove, however, that participating in such protected activity was a motivating factor.  That is, the Plaintiff's reports of sexual harassment was the factor that made the difference in the Defendant's decision to take materially adverse actions against Plaintiff.

In determining whether Dr. Scherr's participating in reports of illegal sexual harassment was a "motivating factor" in the University's adverse actions against Dr. Scherr, you may consider any statements made or act done or admitted by the Defendant, and all other facts and circumstances in evidence indicating the decision maker's state of mind.

However, if you find that the Defendant was motivated by both retaliatory and non-retaliatory reasons, you must decide whether the Plaintiff is entitled to damages.  The Plaintiff is entitled to damages unless the Defendant proves by a preponderance of the evidence that the Defendant would have treated the Plaintiff in the same way even if retaliation had played no role in the employment decision.

INSTRUCTION NO. 26

Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind.  In determining the employer's intent, it is not necessary that the employer admit such motivation, but such intent is generally established by indirect or circumstantial evidence.  You may infer such intent from surrounding circumstances.  You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances which indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is for you to decide what facts have been established by the evidence.

## INSTRUCTION NO. 28

One purpose of Title VII is to prohibit employers from making employment decisions on the basis of protected activity. Title VII, however, does not extend any special privileges or immunities to an employee because of protected activity. In other words, an employee is given neutral status under the law, neither helping nor hurting his employment or his chances for promotion or discharge because he engaged in protected activity.

INSTRUCTION NO. 29

You need not agree with the University of Wyoming's decision regarding Dr. Scherr's employment status for it to be legitimate and non-discriminatory. You may not infer discrimination from the fact that you may disagree with an employment decision by the University of Wyoming.

It is also not necessary that the University of Wyoming, in deciding to remove Dr. Scherr's administrative duties, have been right or correct in its reasons. The University of Wyoming only needed to believe it was acting in good faith. In determining whether the University of Wyoming acted in good faith, you should only consider the information the University of Wyoming considered at the time it made its decision.

Title VII requires only that employers not discriminate against individuals because of protected activity. An employer may discharge or take other action against an employee for any other non-discriminatory reason, good or bad, fair or unfair, and you should not second-guess that decision. Moreover, the University of Wyoming's reasons do not have to be reasons you would approve of or act upon. You are not to substitute your judgment for that of the University of Wyoming in its employment decisions.

# INSTRUCTION NO. 30

To prove discrimination or retaliation, it is not sufficient for Dr. Scherr to challenge the judgment of his superiors and state that he was performing his duties adequately. Dr. Scherr's own assertions with regard to his performance cannot be considered in proving discrimination or retaliation.

# INSTRUCTION NO. 3 |

Dr. Scherr's belief that he was treated unfairly, in and of itself, is insufficient to prove discrimination.

INSTRUCTION NO. 32

If you find in favor of Dr. Scherr on his claim that he was retaliated against for his protected activity by the University of Wyoming, then you must determine an amount that is fair compensation for the Plaintiff's losses. You may award compensatory damages for injuries that the Plaintiff proved were caused by the Defendant's wrongful conduct. The damages that you award must be fair compensation, no more and no less.

You may award damages for any emotional distress, pain, suffering, inconvenience or mental anguish, embarrassment, humiliation, damage to reputation, that Plaintiff experienced as a consequence of the wrongful conduct. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for setting the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in making an award of damages, drawing reasonable inferences

from the facts in evidence.  You may not award damages based on
speculation or guesswork.  On the other hand, the law does not require that
the Plaintiff prove the amount of his losses with mathematical precision, but
only with as much definiteness and accuracy as circumstances permit.

INSTRUCTION NO. 33

If you find that the Defendant unlawfully retaliated against the Plaintiff on the basis of his protected activity, then you must determine the amount of back pay that the Plaintiff proved was caused by the Defendant's wrongful conduct.

In determining back pay, you must make several calculations:

First, calculate the amount of pay that Plaintiff would have earned had he not been constructively discharged from the date of that discharge until today's date.

Then calculate and add the value of the employee benefits (health, life, and dental insurance, vacation leave, etc.) that Plaintiff would have received had he not been constructively discharged from the date of that discharge until the date of trial.

Then, subtract from this sum the amount of pay and benefits that Plaintiff actually earned from other employment during this time.

INSTRUCTION NO. 34

If you should find that Dr. Scherr is entitled to a verdict, you may award only such damages as will reasonably compensate him for such damage as you find, from a preponderance of the evidence, that he has sustained.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably probable to occur in the future.

Your determination as to damages is to be based upon the evidence and not upon sympathy, speculation, passion, prejudice or conjecture.

INSTRUCTION NO. 35

If you return a verdict for the Plaintiff, but find the Plaintiff has failed to provide that he suffered any damages, then you may award the Plaintiff the nominal amount of $1.00.

# INSTRUCTION NO. 36

A person has the duty to take reasonable steps under the circumstances to reduce his or her injuries and damages.  Any damages resulting from a failure to take such reasonable steps cannot be recovered.

INSTRUCTION NO. 37

If you should find that the plaintiff is entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purposes of punishing the defendant or to serve as an example or warning for others.  Nor may you include in your award any sum for court costs or attorney's fees.

## INSTRUCTION NO. 38

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of the plaintiff on the question of liability, by a preponderance of the evidence, and in accord with the other instructions.

# INSTRUCTION NO. 34

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

# INSTRUCTION NO. 40

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of the plaintiff, and the answer thereto of the defendant. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

# INSTRUCTION NO. 41

In considering the evidence, you are permitted to draw such reasonable inferences as seem justified in light of your experience. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts established by the evidence. Any findings of fact you make, however, must be based on probabilities -- not possibilities. A finding of fact may not be based on surmise, speculation, guesswork or conjecture.

# INSTRUCTION NO. 42

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

INSTRUCTION NO. 43

After the evidence has been heard and arguments and instructions are concluded, you will retire to consider your verdict. You will determine the facts from all the testimony that you hear and the other evidence that is submitted. You are the sole and exclusive judges of the facts, and in that field neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether you agree with them or not.

INSTRUCTION NO. __44__

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

## INSTRUCTION NO. 45

There are, generally, speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence of nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all evidence in the case, both direct and circumstantial.

# INSTRUCTION NO. 46

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider his or her credibility, the interest, if any, which the witness may have in the outcome of the trial, the extent of the witness's opportunity to perceive the matters upon which the witness's opinion is based and the reasons, if any, given for it. You are not required to accept such an opinion but should give it the weight to which you find it is entitled.

INSTRUCTION NO. 47

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

# INSTRUCTION NO. 48

If a lawyer asks a witness a question which contains an assertion of fact you may not consider the assertion as evidence of that fact. The lawyer's statements are not evidence.

# INSTRUCTION NO. 49

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently and innocent misrecollection, like failure of

recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

# INSTRUCTION NO. 50

During this trial I have permitted you to take notes. Many courts do not permit note-taking by jurors, and a word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

# INSTRUCTION NO. 5|

All persons are equal before the law, and governmental entities are entitled to the same fair and conscientious consideration by you as any physical person.

Governmental entities can act only through their officers and employees. Any act or omission of an officer or employee while acting within the scope of his or her employment or authority is the act or omission of the governmental entity.

# INSTRUCTION NO. 52

At times during the trial the Court has passed upon objections to the admission of certain things into evidence. Questions relating to the admissibility of evidence are solely questions of law for the Court and you must not concern yourselves with the reasons for its rulings. In your consideration of the case you must draw no inferences from these rulings and you must consider only the evidence which is admitted by the Court.

Neither in any question I have asked, nor in these instructions, nor in any ruling, action or remark that I have made during the course of this trial, have I intended to interpose any opinion or suggestion as to how I would resolve any of the issues in this case. If I have made any remark that you believe indicates how I would decide this case, I instruct you to disregard such remark.

# INSTRUCTION NO. 53

During the course of the trial, I may have occasionally asked questions of a witness, in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the matters to which my questions may have related.

# INSTRUCTION NO. 54

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the sole purpose of returning a verdict.

You are not partisans. You are judges -- judges of facts. Your sole interest is to ascertain the truth from the evidence in the case.

# INSTRUCTION NO. 55

Upon retiring to the jury room, you will select one of your number to act as your presiding juror. The presiding juror will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for you. You will take this form to the jury room.

When you have reached unanimous agreement as to your verdict, you will have your presiding juror fill in, date and sign the form which sets forth the verdict upon which you have unanimously agreed and you will then return with the completed form to the courtroom.

INSTRUCTION NO. 56

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to the Court -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.